**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4552**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL KOSTENKO, D.O.,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:16-cr-00221-1)

Submitted: July 26, 2018                    Decided: August 8, 2018

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David O. Schles, LAW OFFICE OF DAVID O. SCHLES, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Charleston, West Virginia, Miller Bushong, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Kostenko, a doctor of osteopathic medicine, appeals his conviction and resulting 240-month sentence imposed following his guilty plea to distributing oxycodone not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice, in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, Kostenko argues that his guilty plea was entered involuntarily, and that, consequently, the district court erred in accepting his plea. For the reasons that follow, we affirm.

Before accepting a guilty plea, the trial court must ensure that the defendant's "plea is voluntary, *i.e.*, is not the result of force, threats, or promises made by the government that are not part of the plea agreement." *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991); *see* Fed. R. Crim. P. 11(b)(2). The decision to plead guilty "must reflect a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (internal quotation marks omitted). A defendant seeking to retract statements made during a Rule 11 colloquy "bears a heavy burden," *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003), because, absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established," *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). Because Kostenko did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review only for plain error. *See United States v. Massenburg*, 564 F.3d 337, 342 (4th Cir. 2009).

Kostenko, who entered his guilty plea on the second day of trial, claims that he pleaded guilty only because he believed that his trial attorneys were not providing adequate representation. While Kostenko clearly indicated his concerns with counsel's trial preparation, he nevertheless affirmed, during his Rule 11 colloquy, that his decision to plead guilty was made voluntarily and of his own free will, without any coercion, pressure, or intimidation. Critically, such declarations "carry a strong presumption of verity." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted). Although, in some extraordinary circumstances, ineffective assistance of counsel can render a guilty plea involuntary, *see, e.g.*, *United States v. White*, 366 F.3d 291, 297-98 (4th Cir. 2004), here, Kostenko contends not that his counsel's performance was actually deficient, but only that he perceived it to be. Based on our review of the record, we conclude that Kostenko has not overcome the presumption that the statements he made during the Rule 11 hearing were truthful.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*